IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL ORELLANA, 1008987, | § | |
| Petitioner, | § | |
| | § | No. 3:04-CV-2114-G |
| v. | § | ECF |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for aggravated sexual assault of a child under the age of fourteen, enhanced by a prior felony conviction. *State v. Orellana*, No. F-0070643-SK (4th Crim. Dist. Ct., Dallas County, Tex., Oct. 11, 2000). A jury found him guilty and assessed punishment at life in prison. *Id*. His conviction was affirmed on appeal. *Orellana v. State*, No. 05-00-01679-CR (Tex. App. – Dallas 2001, pet. ref'd). On October 30, 2002, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Orellana v. State*, PDR No. 580-02.

Petitioner filed a state application for writ of habeas corpus. *Ex parte Orellana*, Application No. 21,213-05 (Tex. Crim. App. Sept. 29, 2003). On July 28, 2004, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On August 4, 2004, Petitioner filed this federal petition. He argues: (1) the trial judge failed to adequately inform Petitioner of the dangers and disadvantages of self-representation; (2) the evidence is insufficient to support the conviction; (3) he received ineffective assistance of counsel; (4) the state knowingly presented perjured testimony and withheld evidence; (5) the indictment and jury charge incorrectly alleged a culpable mental state; (6) the trial court abused its discretion by making inappropriate comments during voir dire; (7) the trial court abused its discretion by not allowing Petitioner adequate time to prepare for the punishment phase of the trial; (8) the court reporter failed to record all proceedings, particularly conferences at the bench; and (9) the trial court lacked jurisdiction.

On February 11, 2005, Respondent filed his answer. On February 17, 2005, Petitioner filed his traverse. The Court finds the petition should be denied.

## II.  Factual Background

> When the victim, A.G., was nine years old, he met Petitioner at church. (Trial Tr. Vol. 3 at 99-100). A.G. began spending time with Petitioner and began to spend the night at Petitioner's house. (Trial Tr. Vol. 4 at 63). Petitioner bought A.G. gifts and gave him money. (Trial Tr. Vol. 3 at 71, 102-05).
>
> When A.G. was at Petitioner's house, Petitioner showed A.G. pornographic movies and magazines. (*Id*. at 105-08). A.G. testified that on numerous occasions while at Petitioner's house, Petitioner put his penis on A.G.'s "behind." (*Id*. at 109-112). A.G. also testified that Petitioner put A.G.'s penis in his mouth and masturbated. (*Id*.)
>
> In February, 2000, police took A.G. into protective custody. (*Id*. at 27). A.G. was interviewed and taken to Child Protective Services (CPS). (*Id*. at 62). When CPS called A.G.'s father to take him home, A.G. was afraid and ashamed. (*Id*. at 74, 85). A.G. initially did not want to talk about what happened, but he began to tell his father about the sexual conduct. (*Id*. at 75-79, 84). A month later, Petitioner drove by the house while A.G. was outside, waved, then circled the block. (*Id*. at 75). A.G. was upset and his father called the police. (*Id*.) Dallas police officer Sandra Escobar came to the house and spoke with the father and A.G. (*Id*. at 168-69). A.G. told her that Petitioner had sexually assaulted him. (*Id*. at 171).

### III.  Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996.  *See Lindh*, 521 U.S. at 336.  The petition in this case is subject to review under the AEDPA.

**2.     Procedural Bar**

When Petitioner filed his petition, he also filed a separate memorandum entitled "Memorandum and Motion to Dismiss for Lack of Subject Matter Jurisdiction." The memorandum argues that the state court did not have jurisdiction over his case. Petitioner, however, failed to raise this claim in his state habeas application or in his petition for discretionary review. The Court finds this claim is procedurally barred.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*.

In this case, Petitioner's claim is procedurally barred for failure to present the claim to the Texas Court of Criminal Appeals either in a petition for discretionary review or a state writ. When a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722 n.1 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claims procedurally barred. *Id*.

Petitioner has not presented his claim to the Texas Court of Criminal Appeals. If this Court required him to do so, the claim would be subject to dismissal under the Texas abuse-of-

the-writ doctrine. TEX. CODE CRIM. PRO. Ann. art. 11.07, § 4. That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law . . . ." *Id.* (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was

more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

**3.  Trial Error**

Petitioner argues the trial court failed to adequately warn him of the dangers of self-representation. The Sixth and Fourteenth Amendments guarantee that a defendant brought to trial in any state or federal court must be afforded the right to assistance of counsel. *Faretta v. California*, 422 U.S. 806, 807-08 (1975). A defendant, however, may waive his right to counsel and proceed with self-representation. *Id*. at 818-820. The decision to waive the right to counsel must be made knowingly, intelligently, and voluntarily. *Id*. at 834-836. The decision to waive counsel and proceed *pro se* is made knowingly and intelligently if it is made with a full understanding of the right to counsel, as well as the dangers and disadvantages of self-representation. *Id*.

In this case, the trial judge fully informed Petitioner of the dangers and disadvantages of self-representation. The record reflects as follows:

| | |
|---|---|
| THE COURT: | Mr. Orellana, what I'm trying to find out now is that Mr. Whittier has indicated to me that you do not want him to represent you. That you want to represent yourself. |
| MR. WHITTIER: | Judge, I do have a clearer understanding of what he's asking since I mentioned that to the Court. |
| THE COURT: | Okay. |
| MR. WHITTIER: | Mr. Orellana wants the opportunity to handle his own defense with counsel available in an advisory capacity. |
| THE COURT: | Is that what you want? |

MR. ORELLANA:   That would be kosher, yes.

MR. WHITTIER:   The questioning, the voir dire, the arguments, he wants to handle that himself with me available for tips and advice.

THE COURT:   If he's here in an advisory capacity, then he's not here as your lawyer.  He's just here to give you advice if you want it or maybe to tell you things that maybe you should or should not do.

But either he's going to handle the case or he's not.  And if he's not going to handle the case and you want to represent yourself and just have him here as an advisor, I need to know that.  Is that what you want to do?

MR. ORELLANA:   Yes.

THE COURT:   Okay.  With that in mind, the law says that I need to give you a written document that you need to sign that outlines your right to counsel, and that you are waiving that right or giving that right up.

And it reads as follows: "I have been advised on the 9th day of October in the year 2000 by the judge of Criminal District Court No. 4 of my right of representation by counsel in the trial of the charge pending against me.   I have been further advised that if I'm unable to afford counsel one will be appointed for me free of charge."

Of course that has already occurred.

"Understanding my right to have counsel appointed for me free of charge, if I'm not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me.  I hereby waive my right to counsel."

Okay.  Let me tell you some other things, Mr. Orellana.  If you agree and want to waive your right to representation by counsel, you will be putting yourself in an extreme disadvantage in the trial of this case.

First of all, sir, we have Rules of Evidence that need to be followed, and Rules of Criminal Procedure need to be followed.  And I will not make any exceptions because you have decided to represent yourself.

|   |   |
|---|---|
|   | There are objections that may need to be made throughout your trial. And if you do not make the proper objection throughout the course of the trial, if you make any objections, then I will have – I won't have a proper basis to either sustain or overrule objections. |
|   | If you do that and make the wrong objection, then even if your case is appealed, it is very unlikely that the Court of Appeals or the Court of Criminal Appeals will not take those points into consideration if you made the wrong objection. Do you understand that? |
| MR. ORELLANA: | I understand. |
| THE COURT: | There's also the opportunity perhaps in cases that a lesser included offense may be brought up by the evidence. I don't know that that will be true in this case but it's possible. |
|   | If you do not recognize it and do not request it, it may be that the opportunity to have the jury consider a lesser included offense will also be waived by you, if you don't make the proper request or objections to the instructions. Do you understand that? |
| MR. ORELLANA: | I understand. |
| THE COURT: | Okay. Also, it's my understanding, in fact, that there is a second enhancement paragraph alleging a conviction for an aggravated assault case of a child under 14. |
|   | If you are convicted of this offense for which you are charged and the jury finds a second paragraph to be true, it's an automatic life sentence in the penitentiary. |
|   | If you do not make any proper objections to the introduction of that or whether or not it should even be introduced into evidence, if it is appropriately certified to, what have you, you waive your objections to that or they very likely will not be considered by the Court of Appeals or the Court of Criminal Appeals on that issue. Do you understand that? |
| MR. ORELLANA: | I understand. |
| THE COURT: | I really think and I want to tell you that in my opinion it is a mistake for you to proceed representing yourself. Do you understand that? |

| | |
|---|---|
| MR. ORELLANA: | I understand. |
| THE COURT: | Also, I'm going to call the jury in – the panel in, and you will be given an opportunity to address the jury. Okay. If you don't address the jury on matters that are relevant to this phase of the case, that is, make proper presentation to the – to allow you to use your peremptory challenges correctly, if the state objects, I'll have to sustain that objection. And you may be at a disadvantage there also. Do you understand that? |
| MR. ORELLANA: | I understand. |
| THE COURT: | Same thing if you represent yourself and the case gets to final arguments. If you argue things that are either outside the record or improper and inappropriate before the jury and the state objects to it, I'll have to sustain that objection. Do you understand that? |
| MR. ORELLANA: | I understand. |
| THE COURT: | Likewise, they'll get up and have an opportunity to speak to the jury. You may not recognize an appropriate and proper objection there or in final arguments in this case should this case get that far. And, if you don't make the proper objections, all those issues may very well be deemed to be waived if your case is appealed. Do you understand that? |
| MR. ORELLANA: | I understand. |
| THE COURT: | Understanding that, sir, do you still desire to represent yourself in this case or would you like to proceed with Mr. Whittier as your attorney? |
| MR. ORELLANA: | I would have to represent myself. |

(Trial Tr. Vol 2, at 13-16).

The record reflects that Petitioner was fully admonished regarding the dangers of self-representation. The record also shows that Petitioner knowingly and voluntarily waived his right to counsel. Petitioner's claim should be denied.

### 4.      Insufficiency of the Evidence

Petitioner argues the evidence was legally and factually insufficient to support his conviction.[1] Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

Under Texas law, a person commits aggravated sexual assault of a child under the age of fourteen:

> (1) if the person:
>     . . . .
>
>     (B) intentionally or knowingly:
>         (I)    causes the penetration of the anus or sexual organ of a child by any means;
>         (ii)   causes the penetration of the mouth of a child by the sexual organ of the actor;
>         (iii)  causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

---

[1] Respondent correctly notes that factual insufficiency of the evidence does not provide an independent basis for federal habeas relief. "Factual insufficiency" is a creation of Texas law whereby the reviewing court scrutinizes the factfinder's weighing of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). The relevant inquiry in a federal habeas proceeding, however, is whether "[a] rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990), (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). This standard of review controls even if state law would impose a more demanding standard of proof. *Schrader*, 904 F.2d at 284; *see also Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

      (iv)  causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

      (v)  causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and

 (2) if:

. . . .

  (B) the victim is younger than 14 years of age.

TEX. PENAL CODE § 22.021 (West 2000).

  Petitioner argues the evidence was insufficient to show that he intentionally and knowingly caused the sexual organ of the victim to contact Petitioner's mouth without the victim's consent. Although the statute does not require that the state prove the contact was without the victim's consent, the indictment in this case alleged that the contact was without consent.

  A.G. testified that he was nine years old at the time of trial. (Trial Tr. Vol. 3 at 99-100). He also testified as follows:

| | |
|---|---|
| PROSECUTOR: | Now, has Samuel Orellana, the defendant – has he ever done bad things to you? |
| VICTIM: | Mostly at night. |
| PROSECUTOR: | Would you tell the jury what kind of things that he has done to you? |
| VICTIM: | Sometimes he would put his private in my behind and put my private in his mouth and start shaking his private. |
| PROSECUTOR: | Now, when he tried to put his private in your behind, what did that feel like? Did that cause you to feel any certain way? |
| VICTIM: | Mostly kind of dirty. |
| PROSECUTOR: | Did that cause any kind of pain? |

| | |
|---|---|
| VICTIM: | No. |
| PROSECUTOR: | How often did Samuel Orellana try to put his private in your bottom? |
| VICTIM: | Until mostly he got tired. |
| PROSECUTOR: | Okay. But what I mean is, how often did this happen? How many times, if you know? |
| VICTIM: | Mostly – mostly every time I would go to his house, sir. |

(Trial Tr. Vol. 3 at 109 -110).

Further, Petitioner argued on direct appeal that the state failed to prove lack of consent. The state court determined that any variance between the statute and the indictment was not material. *Orellana v. State*, No. 05-00-01679-CR, Slip Op. at 2. Additionally, the Texas Penal Code states that consent is not effective if it is "given by a person who by reason of youth, mental disease or intoxication is known by the actor to be unable to make reasonable decisions." TEX. PENAL CODE § 1.07(19)(C).

Viewing this evidence in the light most favorable to the verdict, the Court finds that the evidence was sufficient to prove beyond a reasonable doubt that Petitioner committed aggravated sexual assault of a child under the age of fourteen. This ground for relief should be denied.

**5.    Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel because his counsel failed to suppress evidence obtained through an illegal warrant and unlawful search.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, Petitioner's counsel filed pretrial motions on September 19, 2000. Included in these motions was a "Motion to Suppress Evidence Obtained by Unlawful Stop, Search and Seizure." (Court Record at 61, 80-83). On the first day of trial, the court informed Petitioner that he would need to request a hearing on the motion when the issue arose during trial. (Trial Tr. Vol. 2 at 23). Petitioner represented himself during trial. Petitioner has failed to show that his counsel was constitutionally ineffective. His claim should be denied.

### 6.    Conclusory Allegations

Petitioner makes several conclusory allegations. First, Petitioner argues the "Prosecutor has deliberately suppressed evidence favorable to the accused, and have (sic) allowed false evidence to go uncorrected." (Pet. at 8). Petitioner does not explain his allegations. He cites only to Volume 3 of the trial transcripts, pages 106-116. This section of the trial testimony involves the direct-examination of the victim. Petitioner does not state what evidence was

allegedly suppressed or what false evidence was uncorrected.

Petitioner further states "[t]he trial (sic) abused its discretion by making inappropriate comments during voir dire." (Pet. at 8). He does not identify which comments were inappropriate or why the comments were inappropriate.

Petitioner argues the trial judge abused his discretion by not allowing Petitioner adequate time to prepare for the punishment phase of the trial. Petitioner does not identify how any additional time would have benefitted his case.

Petitioner also argues the court reporter did not record all court proceedings, particularly bench conferences. Petitioner has failed to show that he objected at trial to the failure to record any bench conferences. He also failed to show that any rulings were made during these conferences and/or that he was prejudiced by the failure to record any bench conferences. He has further failed to show that any other court proceedings were not recorded.

Petitioner's claims are conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### 7. Improper Mental State

Petitioner states the indictment and jury charge "incorrectly alleged culpable mental state." (Pet. at 8). Petitioner does not explain this claim. The indictment and jury charge allege that Petitioner "intentionally and knowingly" caused the sexual organ of the victim to contact Petitioner's mouth. As discussed above, Texas Penal Code § 22.021(B)(iii) defines aggravated sexual assault as "intentionally or knowingly . . . caus[ing]the sexual organ of a child to contact or penetrate the mouth . . . of another person, including the actor." Petitioner's claim is without

merit and should be denied.

**8.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 26thday of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).